MARSHALL P. AYERS *et al.*

*v.*

WILLIAM J. METCALF *et al.*

1. INSTRUCTION—*should leave the facts to the jury.* An instruction which takes away from the jury the consideration of testimony properly before them, is erroneous.

2. EVIDENCE—*agreement to pay interest, by what character of evidence to be proven.* The statute authorizes parties to contract for the payment of interest, and a contract for that purpose, like any other lawful agreement, may be proven by positive or circumstantial evidence.

3. A promise to pay interest may be inferred from the particular mode of dealing between the parties, or from the usages of trade governing the business in which the parties were engaged.

4. So where it appeared that a party arranged with his banker to overdraw his account, and did overdraw; and that on previous occasions, he had, on making settlements with his banker, paid interest upon amounts overdrawn, these are circumstances, in connection with the fact that the party advancing the money was a banker, engaged in loaning money for a profit, proper to be considered by a jury, in determining whether there was an agreement to pay interest on the sums overdrawn in the particular instance.

5. ADMISSIONS—*what weight they are entitled to.* Admissions are not necessarily conclusive upon the party calling for them; they should be considered and weighed by the jury precisely as other evidence.

6. JURORS—*who may excuse them from attendance.* A sheriff has no power to excuse any of the members of a regular panel of jurors; that is the province of the court alone. And should a sheriff assume to do so, the irregularity should be promptly checked.

7. SAME—*effect of such action of the sheriff.* But the simple fact that a sheriff has, without authority, excused jurors who have been regularly selected, from attendance, will not warrant the conclusion that his motives were corrupt, or that the parties were prejudiced by his action.

APPEAL from the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

This was an action in assumpsit, commenced in the Morgan Circuit Court, against the defendants, to recover the sum of $11,695.46, claimed by the appellants to be due to them, for money advanced to appellees, by appellants, as bankers, at different times. A bill of items was filed, the first item in which showed a balance due April 1, 1865, of $4,834.97, and continued down to June 17, and including an item of July 8, 1865, of interest on account to date, $289.52. In July, 1865, appellants sued out an attachment in aid of their suit, which was levied on the property of the defendants. The cause was tried by a jury, who returned a verdict for the defendants, for $4,043.67. A motion for a new trial was made, which the court overruled, and rendered a judgment on the verdict, whereupon the plaintiffs appealed to this court. The questions presented for the consideration of this court are fully stated in the opinion.

Messrs. MORRISON & EPLER and Mr. H. E. DUMMER, for the appellants.

Mr. ALBERT G. BURR, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellants insist that a portion of the instructions given for appellees were erroneous, and misled the jury in finding their verdict. The first of their instructions, and which is complained of, is this:

"The court instructs the jury, for the defendants, that if they believe from the evidence that defendants have deposited with plaintiffs, from time to time, during the course of business transactions between them, more money than they have received from plaintiffs, the pleadings in the case authorize and require the jury to find a verdict for the defendants for such excess of deposits over and above checks and drafts proven."

It was claimed on the trial below by appellants that appellees owed them for money overdrawn on checks and drafts, as well as interest accrued upon such overdrafts, and for money paid express charges in money sent them. The evidence tended to prove these charges, and the instructions should have left the jury to determine from the evidence whether these charges had been sustained by the proof. There was also evidence that, on previous settlements between the parties, appellants had charged and appellees had paid interest on overdrafts of money by appellees. The bill of particulars in this case claimed such interest, and items for money paid on express packages. The third and fourth counts of appellants' declaration also claim interest on money advanced to appellees. This instruction excludes these charges from the consideration of the jury, as it directs them to find for appellees the excess of their deposits over and above the drafts and checks drawn by them on appellants.

If the jury obeyed this instruction, and we presume they did, they allowed no item for interest or money paid on packages sent or received by express, however well they may have been satisfied that such charges were proved. The evidence under the pleadings was before them, and they should have been permitted to consider it and find their verdict upon it. The court therefore erred in taking the evidence on these items from their consideration.

In actions *ex contractu*, the statute has authorized the parties to contract for the payment of interest. And when such a contract has been entered into by parties, like any other lawful agreement, it may be proved by positive or circumstantial evidence. A promise to pay interest may be inferred from the particular mode of dealing between the parties, or from the usages of trade governing the business in which the parties were engaged. *Sommers* v. *Clarke,* 13 Ill. 544; *Hitt* v. *Allen,* 13 Ill. 592. When circumstantial evidence is resorted to for the purpose of proving an agreement to pay interest, it should be of the weight which at least preponderates fairly in favor of the agreement. In this case the evidence shows that appel-

lees made arrangements with appellants to overdraw their deposit account, and that they did so ; and it also appears that when they had previously overdrawn their account, on a settlement, they had allowed appellants interest on the amount thus advanced. These were circumstances proper for the consideration of the jury in connection with the fact that appellants were bankers engaged in loaning money, in buying and selling exchange, and in discounting notes, as a business and for profit, and to say whether it proved an agreement to pay interest on money advanced appellees by appellants.

The next instruction which we deem it necessary to discuss is the ninth in the.series given for appellees, and is this :

" That if the plaintiffs have introduced before the jury the statements of defendants, or either of them, as to the questions in controversy, then such statements so proven are binding upon the plaintiffs, and are conclusive evidence upon such points, except as far as explained or contradicted by other competent evidence in the case."

This instruction fails to state the law with accuracy. It informs the jury that the admissions of a party, when proved, are conclusive evidence on the points to which they relate, unless explained or contradicted by other evidence in the case. Admissions when proved to have been made are before the jury to be considered and weighed precisely as other evidence. Admissions may be so inconsistent and contradictory or so improbable, that no sensible man could regard them as being true. Admissions too are made under a variety of circumstances which add to or detract from their value as evidence. When a party is informed, and in view of all the circumstances makes an admission which is opposed to his interest, such admission is of the highest character of proof when clearly proved by persons understanding and remembering what was said. But admissions casually made, or made without a knowledge of the real facts upon which they are based, if worth any thing, are of little value in ascertaining truth. The design

of all evidence being the attainment of truth, admissions should be left to the jury to give them the degree of weight which they believe they deserve. It not unfrequently occurs, that admissions are in themselves inconsistent or contradictory, and in such a case it is not true to say that they are conclusive, unless rebutted or explained by other evidence. In such a case it is the province of the jury to receive such portions as they believe, and reject such portions as they may think are untrue: Because a man admits a fact which is obviously true, there is no reason why a jury should be required to believe another which is manifestly untrue, because it was made in the same conversation.

It was also insisted that the court should have granted a new trial, because the sheriff excused a portion of the regular panel of jurors, summoned for the week this case was tried, in the court below. Whether such action on the part of that officer will raise a presumption, that it was done to prejudice the parties litigating in the Circuit Court, must depend upon other circumstances. If it appeared that he was unfriendly with a party having a case in court, or if he evinced an interest in the result of a suit in court, it might be inferred that his interference with the regular course of justice, was for improper purposes. But we are not warranted, from the simple fact that he, without any authority, excused jurors from attendance, in concluding that his motives were corrupt, or that the parties were prejudiced by his action. It is true that the legislature have devolved the duty of selecting the panels of petit and grand jurors on the County Court, or in counties acting under the township organization law, upon the board of supervisors, and when these officers have selected the persons to serve as jurors, the Circuit Court can alone, under our statute, excuse them from attendance. Nor has the sheriff, on his own mere motion, the right to summon others to attend. The statute has delegated that power also to the judge, who is authorized to require the sheriff to summon from the bystanders a sufficient number to fill an incomplete panel. And it is alone by virtue of this authority that the sheriff can summon *talesmen.*

When the legislature have, for wise considerations, prescribed the mode in which justice shall be administered, it is not for other departments of government, or for officers of any grade, to substitute a different mode, because they may believe it the better, or because it may better suit their convenience. The law should be administered as it is enacted. And Circuit Courts should, when such irregularities do occur, promptly check the practice. When the parties litigating in the courts know that the law has been observed in all of its parts, they more readily submit to the result, although they may feel that they have not obtained strict justice according to their views, than when they know that the law has not been observed. If a sheriff may excuse a portion of the panel, why may he not excuse the whole panel, and in this manner prevent a trial by the persons legally designated for the purpose? Such an assumption of power on the part of a sheriff would strike all persons as being wholly unwarrantable, and still, in principle, it is the same, only differing in degree.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*