## B. S. Green Company v. George L. Smith.

1. Questions of Fact—*Proper Instructions—What is Error.*—Where the contention is solely an issue of fact and the jury have been properly instructed as to the law, the judgment will be affirmed unless error is found in the rulings of the court as to the admissibility of evidence, or the evidence is insufficient to support the verdict.

2. Measure of Damages—*When the Market Value of Goods is.*— Where a party proceeds upon the theory that goods were sold without contract, he is properly allowed to prove their market value.

3. Account Stated—*When Conclusive as to Prices and Amounts.*—

As between merchants an account rendered is deemed to be conclusive as to the price given and amount stated, if not objected to within a reasonable time, unless some fraud, mistake, omission or inaccuracy is shown.

**Memorandum.**—Assumpsit for goods sold. Appeal from the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 4, 1894.

The opinion states the case.

Kerrick, Lucas & Spencer, attorneys for appellant.

Edward Barry, attorney for appellee.

Mr. Justice Boggs delivered the opinion of the Court.

The judgment below was against the appellant company upon the verdict of a jury in an action brought by the appellee to recover the amount of several bills of saddlery and harness, goods sold and delivered to it. The purchase and delivery of the goods was not denied but the appellant company contended that it was under a contract alleged to have been made by a traveling agent of the appellee entitled to a discount upon the prices stated in the bills. The appellee denied the alleged contracts for the discounts as claimed. This contention was the sole issue of fact. It is not complained that the jury was improperly instructed as to the law. Hence the judgment must be affirmed unless error is found in the rulings of the court as to the admissibility of evidence or the evidence is insufficient to support the verdict. A deposition of the appellee was read in evidence. The appellant, when the deposition was offered in evidence, objected to certain interrogatories and answers thereto. At the taking of the deposition cross-interrogatories were propounded in behalf of the appellant, but no objection was then made to any questions propounded by the appellee or to any answer of the witness. The objections made in the court at time of the trial are all of a character that could have been obviated had they been made known when the deposition was taken. Such objections can not, under such

circumstances, be preferred for the first time when the deposition is offered in evidence during the progress of the trial. Kassing v. Mortimer, 80 Illinois 602; Goodrich v. Hanson, 33 Illinois 498. We have, however, examined the deposition and think the objections without merit.

While it is true that the only testimony as to the conversation of the agent of the appellee, out of which it is claimed the contract for discounts arose, was that of a witness in behalf of the appellant, yet facts and circumstances proven tended to deny the existence of the alleged contract. The appellant company was engaged in the business of a wholesale dealer in harness and saddlery goods. The appellee, who was a manufacturer of such goods, rendered his bills for goods sold to appellant from time to time, in which bills the articles sold were itemized, prices stated, and total amount given without allowing the discount claimed to have been contracted for. These bills were returned by the appellant without objection, and it made payments upon them, or some of them, at different times. Other facts and circumstances appearing in the proof tended to dispute the alleged contract for discounts.

So we think the evidence presented to the jury a fair question of fact whether such contracts had been made, upon which there was conflicting testimony. We can not say that their verdict upon it is manifestly wrong.

The court permitted evidence as to the market price or reasonable value of the goods. This it is thought was error.

The appellee proceeded upon the theory that the goods were sold without contract and therefore was properly allowed to prove their market value.

Further the case seems to fall within the rule of law that as between merchants an account rendered is deemed to be conclusive as to price given and amounts stated if not objected to within a reasonable time, unless some fraud, mistake, omission or inaccuracy is shown. McCord v. Manson, 17 App. 121; Mackin v. O'Brien, 33 App. 476. The judgment must be affirmed.