### Jennie Bee, Executrix, etc., of Joseph Bee, Deceased, v. Michael J. Tierney and Michael C. McDonald.

1. ACCOUNT STATED—*Evidence of.*—A mere admission of indebtedness is no evidence of an account stated unless made to the creditor or to his representative. An admission to a stranger is not enough.

2. SAME—*Presumptions of Acquiescence.*—Where a bookkeeper testi-

fied that he prepared a statement of a debtor's account, put it in a stamped envelope properly addressed, and placed it in an open mail box from which the postman always took away the mail, and that he never knew of any objection by the debtor to the statement, *it was held* that there was some presumption of assent to the statement, sufficient to go to the jury.

3. SAME—*Requisites.*—An account stated need not be any agreement between the parties that a specific sum is due. An implied acknowledgment that all but one item is correct, may be relied upon by the creditor as an account stated.

4. BOOK ACCOUNTS—*What Evidence of.*—An entry upon the books of a party, while evidence against him of the truth of the entry, is not an admission to anybody, and a suit can not be maintained upon it without showing what it is for.

**Assumpsit.**—Account stated. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed May 16, 1895.

APPELLANT'S BRIEF, PADEN & GRIDLEY, ATTORNEYS.

The depositing in the postoffice of a letter properly addressed with the postage prepaid, is *prima facie* evidence that the person to whom it was addressed received it. Evidence that letters were so deposited is competent, and should be submitted to the jury to be weighed by them in connection with the other evidence in the case. They alone have the right to decide whether the inference that the letters were received, founded upon the probability that the officers of the government will do their duty, and that the letters will be duly delivered, is overcome by other evidence. 13 Am. and Eng. Enc. of Law, 260, and cases there cited. Rosenthal v. Walker, 111 U. S. 185; Huntley v. Whittier, 105 Mass. 391.

As between debtor and creditor, an account rendered by one party and retained by the other without objection, is evidence of an account stated. The rule seems to be that as between merchants, an account rendered and not objected to within a reasonable time, becomes a settled account, which is conclusive as between the parties, unless some fraud, mistake, omission or inaccuracy is shown. McCord v. Manson, 17 Ill. App. 118; Mackin v. O'Brien, 33 Ill. App. 476; Greene

Co. v. Smith, 52 Ill. App. 159; Bailey v. Bensley, 87 Ill. 556; Wiggins v. Burkham, 10 Wall. (U. S.) 129; Lockwood v. Thorne, 18 N. Y. 285.

It is well settled law that express assent to an account rendered is not required, but that any unequivocal act indicating assent to the account as rendered, will make it a stated account, and this may be inferred from circumstantial evidence. 2 Greenl. on Ev., Sec. 126; 1 Chitty Pl., 373; 1 Story Eq. Jur., Sec. 526; Cochrane v. Allen, 58 N. H. 250, and cases cited; Claire v. Claire, 10 Neb. 54.

Ledger pages are the declarations in writing of both defendants as to the condition of the account between plaintiff and defendants, and of the existence of an indebtedness owing to plaintiff from both defendants. Dows v. Naper, 91 Ill. 44; Loewenthal v. McCormick, 101 Ill. 143; Alling v. Wenzel, 27 Ill. App. 516; Abbott's Trial Evidence, 218; Cawley v. People, 91 Ill. 249.

BRIEF OF APPELLEE McDONALD, EDWARD MAHER AND CHARLES C. GILBERT, ATTORNEYS.

Under the law the evidence was insufficient to sustain the allegations of an account stated. Hopkinson v. Jones, 28 Ill. App. 420; McGeoch v. Hooker, 11 Ill. App. 653; 1 Chitty on Pleading, *358, *359.

An account stated imports prior transactions between the parties. Sutphen v. Cushman, 35 Ill. 186; Bradley Fertilizing Co. v. So. Pub. Co., 17 N. Y. S. 587.

An account stated further imports an agreement between the parties as to the amount due, and a promise by the debtor to pay. Smith v. Curlee, 59 Ill. 221; McCormick v. Sawyer (Mo.), 15 S. W. Rep. 998; Frost v. Clark (Ia.), 882; Robertson v. Wright, 17 Gratt. 534; Thomlinson v. Earnshaw, 14 Ill. App. 595; 1 Wait's Actions and Defenses, 191, 192, 480; Toland v. Sprague, 12 Pet. 335; Zacarmo v. Pallotti, 49 Conn. 38; Loventhal v. Morris, 15 So. Rep. (Ala.), 672; 1 Chitty on Pleading, *358, *359.

In an account stated the original cause of action is unimportant and the action is based on the new promise to pay.

Throop v. Sherwood, 4 Gilm. 92; Christofferson v. Howe (Minn.), 58 N. W. Rep. 830; 1 Wait's Actions & Defenses, 191, 192.

From the fact that a letter properly stamped and addressed is deposited in the postoffice arises an inference or presumption that it was received by the addressee. Such inference does not arise when the letter is deposited in a private mail box. Comm. v. Jefferies, 3 Allen 563; U. S. v. Babcock, 3 Dill. C. C. R. 573; Tanner v. Hugh, 53 Pa. St. 290; First Nat. Bank v. Manigel, 69 Pa. St. 159; Sullivan v. Kuykendall, 24 Am. Law. Reg. (N. S.) 450; Huntley v. Whittier, 105 Mass. 536; Wiggins v. Burhans, 10 Wall. 129; 1 Greenleaf on Evidence, Sec. 402.

Even if the law presumes or infers the receipt of a letter on the presumption that public officers will do their duty, it must appear that the letter was properly mailed. If an inference is made by the law, the facts supporting the inference can not also be inferred—they must be proved. U. S. v. Ross, 92 U. S. 283; Grand Trunk R. Co. v. Richardson, 91 U. S. 470; Anderson Law Dictionary, tit. Presumption, 807; Whately Logic b. IV, c. 111, Sec. 1; Reynolds' Stephens' Evidence, Art. 1, Chap. 1.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The court directed the jury to find a verdict for the defendants, the appellees. The appellant is the executrix of her late husband, Joseph Bee, who commenced this suit, but died while the suit was pending. The object of the suit is to recover for goods sold by Joseph Bee in his lifetime, as it is alleged, to the appellees, doing business as M. J. Tierney & Co.

The appellant made no effort to prove the actual sale and delivery of the goods, but endeavored to recover upon an account stated. She put in evidence a copy of a page of what we shall assume was the ledger of the appellees, showing a balance to the credit of the deceased, under the name of the National Boiler Works, of the amount of the balance sued for. We assume that such copy was competent evi-

dence of what was on it, but it contained no items, and was therefore no evidence of the sale of any specific goods. Indeed the appellant only claims that it was evidence of an account stated. It is said that a mere admission of indebtedness is no evidence of an account stated, unless made to the creditor or some representative of the creditor. 2 Greenleaf on Evidence, Sec. 126. To a stranger, it is not enough. An entry upon the books of a party, while evidence against that party of the truth of what is entered, is not an admission to anybody, and a suit can not be maintained upon simple indebtedness without showing what it is for.

On the 7th day of June, 1892, the bookkeeper and cashier of the deceased prepared a statement, of which a copy was put in evidence by the appellant, showing the account of the deceased against the appellees from the 1st day of January, 1892, to May 27, 1892, put it in a stamped envelope addressed to the appellees, and placed it in an open mail box in the office of the deceased from which the postman always took any mail that might be there. The witness, that bookkeeper, stated that he never knew of any objection by the appellees to that statement. Upon these facts there is some presumption of assent by the appellees to the statement (1 Greenl. Ev., Sec. 40, note 4, and 197, note 4; B. S. Green Co. v. Smith, 52 Ill. App. 158), and of an account stated. 1 Story's Eq., Sec. 526.

Now, whether upon circumstances shown by the record, but not necessary to narrate, such presumption could be rebutted, or the credit upon the books of the firm explained away, are questions of fact to be left, under proper instructions, if asked, to the jury.

We do not intend to intimate any opinion upon the merits of the case; only to say that there was not such an absence of evidence on the part of the appellant as justified taking the case from the jury. Whether, on the appointment of a receiver for the firm, attention to the business was wholly abandoned to him, does not appear, nor can we infer that it was.

An account stated need not be any agreement between the parties that a specific amount is due. An implied ac-

knowledgment to a clerk, who has no authority to waive anything, that all but one item is correct, may be relied upon by the creditor as an account stated.    Chisman v. Count, 2 Man. & Gr. 307; 40 E. C. L. 615.

This must be upon the principle that the creditor may accept the debtor's statement, when it is brought to his knowledge, and treat it as an account stated.    If so, why may not the statement on the debtor's books be so accepted?

The judgment is reversed and the cause remanded.