Peoria Grape Sugar Co. v. Turney.

## Peoria Grape Sugar Company v. H. D. Turney et al.

1. Admissions—*By Failing to Act with Promptness.*—Between business men accustomed to receive and accept or object to statements of account with promptness, the reception and retention of an account without objection within a reasonable time, may be treated as an admission of its correctness.

2. Presumptions—*Correctness of Account—When They Do Not Arise.*—A refusal to settle in accordance with an account is most effective in preventing the raising of an implied presumption of its correctness.

Assumpsit, for coal sold and delivered. Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed May 16, 1895.

### Statement of the Case.

This was an action to recover for coal sold and delivered. The action was in the court below claimed and treated as being based upon a written contract introduced in evidence.

Moran, Kraus & Mayer, attorneys for appellant.

Runnells & Burry, attorneys for appellees.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The written contract introduced in evidence bears date and appears to have been made February 1, 1894. The suit was for coal delivered in December, 1893, January and February, 1894.

It is manifest that only the February coal can have been delivered under the written contract.

The written contract in any event fixes the price of coal delivered in February only. Before a recovery could be had for coal delivered previous to the making of this contract, the price or value of such coal must be shown. It was therefore error to instruct the jury to find for the plaintiff

according to bill rendered, unless the making of such bill constituted in connection with the retention thereof, or some admission, implied or otherwise, of the defendant, an account stated.

There was no such evidence of an account stated as made the account presented, *prima facie* evidence of the correctness thereof.

Between business men accustomed to receive and accept or object to accounts with promptness, the reception and retention of an account, without objection within a reasonable time, may be treated as an admission of its correctness. That is, such admission may be implied from a failure in such case to object within a reasonable time to the account. Wharton on Evidence, Sec. 1140; Green v. Smith, 52 Ill. App. 158.

A refusal to pay or to settle in accordance with an account is a most plain objection to it. Appellant was asked by appellees to pay his account; it refused, unless, as a condition, the contract of February 1st was canceled.

Such refusal was as effective in preventing the raising of an implied presumption of the correctness of the account as if appellee had offered to pay the account if one thousand dollars was deducted therefrom, or the price of the coal therein mentioned reduced to fifty cents per ton.

The judgment of the Superior Court is reversed and the cause remanded.