James Dwyer, Appellant, v. Thomas E. Dwyer and John J. Dwyer, Appellees.

Gen. No. 8,596.

Heard in this court at the October term, 1931. ▮ Opinion filed February 15, 1932.

Thos. S. Weldon, for appellant.

Whitmore & Whitmore, for appellees.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

This suit in assumpsit was commenced in the circuit court of McLean county by the appellant James Dwyer, to recover the sum of $2,000 from the appellees

Thomas E. and John J. Dwyer, brothers of the appellant. The alleged legal basis for the recovery of the sum mentioned is that an oral promise to pay the appellant the $2,000 was made by the appellees to Thomas E. Dwyer, Sr., father of the parties, as part of the consideration for a deed of conveyance of 115 and 72-100th acres of land to the appellees on February 28, 1913. The parties waived a jury and trial was had by the court. The court, after hearing the evidence, found the issues in favor of the appellees; and thereupon entered judgment against the appellant in bar and for the costs of the suit. This appeal is prosecuted from the judgment.

In the briefs filed by the appellant, it is conceded that for proof of the alleged oral promise sued upon, he relied on the admissions of the appellees in an answer and amended answer filed in a chancery suit, which was brought by the appellant and his sisters, in the circuit court of McLean county, to set aside the deed of conveyance referred to. The admissions relied on and contained in the amended answer of the appellees are as follows:

"These defendants, further answering, allege that at the time the said Thomas E. Dwyer and wife executed and delivered the deed for said land there was an oral agreement between the parties to said deed, and one of the provisions of said oral agreement was, that after the death of said Thomas E. Dwyer, within a number of years, these defendants were to pay to the complainants, respectively, the sum of $2,000, but were not to be charged with interest on said sum from the death of said Thomas E. Dwyer till the said sum was paid."

The general rule concerning admissions in pleadings signed by an attorney for his client is correctly stated by counsel for the appellant, namely, that they are properly admissible as evidence against the client

either in the same suit or in some other suit between the parties, or concerning the same subject matter; but it must be pointed out that admissions of the character mentioned when introduced in evidence are not necessarily conclusive, but should be considered and weighed precisely as other evidence. *Ayers v. Metcalf,* 39 Ill. 307; 8 Ency. Pl. Pr. 22. "The question as to how far statements made by a party to a suit, in pleadings filed in previous cases, are admissible in evidence, is one on which the authorities are conflicting, but the rule adopted in Illinois is, that they are admissible; and their weight is to be determined from all the facts and circumstances under which they were made." *Gardner v. Meeker,* 169 Ill. 40. Allegations in pleadings are sometimes made by the attorneys drawing the pleadings, on a misunderstanding of the facts and not by authority of the party; and this may be shown. First Ruling Case Law, 500, citing *Houston, E. & W. T. R. Co. v. DeWalt,* 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877. In this case it appears from the testimony of the attorney for the appellees, who drew the answers and filed them in the chancery case mentioned, that he made the statements in the answers which are relied upon as admissions of the appellees improvidently, and without any authority therefor from his clients. The purported admissions therefore were as a matter of fact not admissions by the appellees that they made the oral promise upon which the right of recovery is based. And it is evident that the trial court did not so regard the admissions, when viewed in the light of the other evidence in the case, as a legally sufficient basis for recovery; and we are of the opinion that the trial court was warranted in this conclusion and was not in error in rendering the judgment.

The judgment is therefore affirmed.

*Affirmed.*