<table>
<tr><td>33</td><td>225</td></tr>
<tr><td>33a</td><td>48</td></tr>
</table>

## WILLIAM HAGENBAUGH

*v.*

## JOHN CRABTREE.

1. EVIDENCE — ADMISSIONS — *assertions by one party not denied by the other.* Where one party to a contract alleges a certain thing, or things, to be true concerning that contract, in the presence of the other party, the mere fact that the latter remains silent, making no denial, is not necessarily to be regarded as a tacit admission of their correctness.

2. While it is undeniably true that such evidence is proper for the consideration of the jury, it is equally true that it is not conclusive. Nor is such silence always evidence of the truth of the statement thus made, for the obvious reason that under a variety of circumstances it would be highly improper for a party to make a denial. The proprieties of life should not be outraged, or even violated, by making such denial; nor would the party be bound to do so if it would lead to violent altercation between the parties. If such denial would lead to a breach of the peace, or even to an indecent quarrel and abuse, he would not be bound to contradict the statement. Or if it would be indecorous and offensive to those present, or would disturb business, social enjoyment or religious exercises, it would be improper to make a denial.

3. The extent of the rule is, that it is a question for the jury, in the light of all the circumstances, to say whether or not it amounts to an admission.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. O. L. DAVIS, Judge, presiding.

This was an action of assumpsit instituted in the court below, by Crabtree, against Hagenbaugh. The case is sufficiently stated in the opinion of the court.

Messrs. JOHN SCHOLFIELD and C. H. CONSTABLE, for the plaintiff in error.

15 — 33D ILL.

Mr. A. GREEN, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The only question which we propose to consider in this case is, whether the ninth of plaintiff's instructions to the jury was properly given. It is this: "When one party to a contract alleges a certain thing or things to be true concerning that contract, in the presence of the other party, and he remains silent, making no denial, that is a tacit admission of their correctness unless proved to the contrary." That such evidence is proper for the consideration of a jury is undeniably true, but it is equally true that such evidence is not conclusive. Nor is such silence always evidence of the truth of the statement thus made. And it is for the obvious reason that under a variety of circum-stances, it would be highly improper for a party to make a denial. The proprieties of life should not be outraged or even violated in making such denial. Nor would the party be bound to do so, if it would lead to violent altercation between the parties. If such denial would lead to a breach of the peace, or even to an indecent quarrel and abuse, he would not be bound to contradict the statement. Or if it would be indecorous and offensive to those present, or if it would disturb business, social enjoyment or religious exercises, it would be improper to make a denial. If made in court, where it would be a contempt to make the denial, it would be highly improper. The extent of the rule is, that it is a question for the jury, in the light of all the circumstances, to say whether or not it amounts to an admission.

This instruction was, therefore, too broad in its scope, and should have been modified. It was the province of the jury to determine the question, but this instruction takes it from their consideration. Nor can we say that the verdict should be sus-tained notwithstanding the instruction. It may have misled the jury and have produced the verdict. They should have been permitted, under a proper instruction, to determine the question.

As we cannot say that this instruction did not mislead the jury, and produced the verdict which they returned, it was erroneous. We perceive no other error in the record, but for the giving of this instruction, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*