PATRICK MORAN ET AL.

v.

JOHN HOPE GORDON ET AL.

*Sales—Consignments—Advances—Draft for—Refusal to Accept—Evi-dence—Practice.*

1.  Whether silence, for an unreasonable time after receipt of an account, amounts to an admission of its correctness, or delay in noticing the same was unreasonable, are questions for the jury.

2.  The finding of a court in a given case is entitled to the same respect as the verdict of a jury; and in a trial by a court its decision will ordinarily be reversed or affirmed by the same rules which govern when the facts are tried by a jury.

3.  In an action brought to recover advances, freight charges, etc., alleged to be due upon a shipment of butterine, the contention being as to whether the goods were sold or consigned, this court declines, in view of the evidence, to interfere with verdict for plaintiff.

[Opinion filed April 17, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. CLIFFORD, SMITH & FRY, for appellants.

Messrs. S. E. DALE and F. W. BECKER, for appellees.

GARNETT, P. J.    Appellees, who are surviving members of the firm of Fraser, Gordon & Co., sued appellants in the court below to recover a balance alleged to be due appellees for advances, freight, etc., on fifty tubs of butterine shipped in 1880 by appellants from Chicago, to Fraser, Gordon & Co., at Glasgow, Scotland. By stipulation a jury was waived and the cause submitted to the court for trial. Appellees had judgment, from which this appeal is taken. The suit is occasioned by the fact that there was a loss on the sale of the property, appellants contending that the goods were sold by them to the Glasgow house, while the appellees claim they were consigned. On the trial, evidence was given tending to prove that prior to the time in question appellants had made quite a number of shipments of goods to the Glasgow house, and that they were all consignments. It also appeared from the evidence in the case, which consists largely of correspondence between the parties, that after the goods were shipped, and before they arrived at Glasgow, there was a misunderstanding as to the character in which appellees were to receive the goods, whether as purchasers or factors. Appellees having declined to accept the draft against the shipment on the ground that it was more than its full value, and asserting that the member of their firm with whom the arrangement was made understood it to be a consignment, were induced, nevertheless, to make the acceptance, on receipt of a letter from appellants, in which they said, "We don't want any ill-feeling to arise from a little thing like this, and had rather lose the full amount. We want the draft paid anyway, and if it is not right we will make it right." Appellees might have supposed from this letter that appellants meant that although they considered it a sale, yet they would not insist upon that con-

struction of the transaction, and all they cared for was that they should not have imposed upon them the discredit of drawing against a shipment without right to do so. From that time on appellees consistently, and at all times, treated and wrote of the butterine as the property of appellants. November 19, 1881, sale was made and account sales at once transmitted by appellees to appellants, showing balance due to appellees as claimed in this suit. Appellants admit the receipt of the account, and it is admitted that no answer was made thereto until February 16, 1882. The failure to object to the account was evidence tending to prove an account stated. 1 Greenl. on Ev., Sec. 212; 1 Taylor on Ev., Sec. 810.

Whether silence for an unreasonable time, under such circumstances, amounts to an admission of the correctness of the account, and whether the delay was unreasonable, are questions of fact for the jury. Hagenbaugh v. Crabtree, 33 Ill. 225. In this case the court took the place of the jury, and its finding is to be treated with the same respect as the verdict of a jury. If the evidence would have warranted the latter in returning a verdict for the plaintiff it was sufficient foundation for the finding of the court. In trials by the court the general rule is, that "the decision will be reversed or affirmed by the same rules which govern when the facts are tried by a jury." Field v. C. & R. I. R. R. Co., 71 Ill. 461.

There being evidence to support the finding, and no error of law having been committed, the judgment will be affirmed.

*Judgment affirmed.*