## Allen Weigle v. Elizabeth Brautigam.

1. BOOKS OF ACCOUNT—*Admissibility as Evidence—Mutilations.*— The fact that books of account have become shop-worn from use, and the covers and some outside leaves lost, there being nothing to indicate any fraud or purpose to destroy entries, is not a justification for the

exclusion of the entries proved; the condition of the books is a matter going to their weight and credibility with the jury.

2. SAME—*Common Law Rule Not Repealed.*—Evidence as to the correctness of items in books of account given by clerks, who made them, make such items admissible at common law, and our statute (R. S., Chap. 51, Sec. 3) only adds to, and does not repeal the common law on the subject.

3. ACCOUNT RENDERED—*Retention, Without Objections.*—Where a statement of an account is rendered and is retained without objection, after the expiration of a reasonable time within which to object to the correctness of the charges, such retention, without objection, tends to establish an admission of its correctness.

Assumpsit, for goods sold. Appeal from the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

W. W. KENT and CLYDE SMITH, attorneys for appellant.

The American rule regarding the admissibility of the entries made by a clerk, is that where original entries have been made in the usual course of business, and are authenticated as such by the oath of the person who made them, though he remembers and can testify nothing about the facts recorded in the entries, such entries thus verified by the oath of the person who made them, are admissible, primary evidence of those facts during his life. Price v. Earl of Torrington, Smith's Leading Cases, Vol. 1, Part 1, 344.

When a party testifies that an entry in his account book is in his handwriting, an original entry and just and true, that entry " shall " be admitted in evidence. Starr & Curtis' Annotated Illinois Statutes (2d Ed.), Vol. 2, Ch. 51, par. 3, p. 1834.

Original entries made by a clerk in the usual course of business and verified by him as just and true, are competent evidence of those facts. Price v. Earl of Torrington, Smith's Leading Cases, Vol. 1, 344.

The evidence of persons who have settled by them and found them fair, and evidence that some of the goods charged were delivered, was not required in England. Price v. Earl of Torrington, Smith's Leading Cases, Vol. 1, 344.

In England a party's own books were not admissible. Price v. Earl of Torrington, Smith's Leading Cases, Vol. 1, 344.

Before the statute which prescribes what preliminary proof is required for the admission of a party's own entries was enacted, this supplemental and corroborating proof was required in Illinois, preliminary to the introduction of a party's books, but was not required preliminary to the introduction of a clerk's entries. House, etc., v. Beak et al., 141 Ill. 290; Kline v. Gundrum, 11 Pa. St. 242.

Only such and so much evidence is required from persons who delivered the goods charged, as the transactions are reasonably susceptible of. House, etc., v. Beak et al., 141 Ill. 290.

The fact that a book is of a suspicious cast, and that some leaves had been cut out, and that the account had been kept ledgerwise, does not render it inadmissible, but goes to its credibility. Jones v. DeKay, Pen. (N. J.) 955.

One entry of a charge for an article that had been paid for, will not affect the admissibility of the books nor impeach them. Rodenbough v. Rosebury, 24 N. J. L. 491.

Books are not incompetent because they contain an erroneous charge. Chisholm v. Beaman Machine Co., 160 Ill. 101.

The burden of proving payment is on the defendant alleging it. Atkinson v. Linden Steel Co. et al., 138 Ill. 187; Johnson v. Breaton, 1 Ill. App. 293; Witner v. Zeman et al., 30 Ill. App. 195.

Where the books of original entry have been lost or destroyed, a copy is admissible as secondary evidence. Holmes v. Marden, 12 Pick. 169.

Pass books kept by one party and written up by the other, are competent, irrespective of whether the entries were original memoranda or copies. Abbott's Trial Evidence, 326 (N. Y. 1881); Succession of McLaughlin, 14 La. Ann. 398.

A pass book is competent to show the amount purchased. Hovey v. Thompson & Co., 37 Ill. 538.

A pass book is evidence against the person that makes the entries. Coolidge v. Brigham, 5 Metcalf, 68.

It is not necessary that the account stated, include or purport to include, all indebtedness between the parties. If it fix the sum for a certain period it is competent, leaving defendant to establish a set-off. It is not necessary to show a mutual account between the parties, nor even any account in the commercial sense, nor more than one item. Abbott's Trial Evidence, 459.

MORRISON & BETHEA, attorneys for appellee.

Were the books of account of Allen Weigle, plaintiff below and appellant here, competent testimony to be submitted to the jury?

They were not competent because they were incomplete, mutilated and not on their face regular. 1st Wharton's Evidence, Section 684; 2d Jones' Evidence, Sec. 591; Gale v. Norris, 2 McLean, 469; Richardson v. Emery, 23 N. H. 220; Mathes v. Robinson, 8 Metcalf, 269; Hart v. Livingston, 29 Iowa, 217; Thayer v. Deen, 2 Hill (S. C.) 677; McKewn v. Barksdale, 2 Nott. & M. (S. C.) 17; Cheever v. Brown, 30 Ga. 904; Hand v. Grant, 5 Sm. & M. (Miss.) 508; Neville v. Northcutt, 7 Coldw. 294.

Section 3 of Chapter 51, R. S., on evidence and depositions, provides: " Where, in any civil action, suit or proceeding, the claim or defense is founded on a book account, any party or interested person may testify to his account book and the items therein contained; that the same is a book of original entries, and that the entries therein were made by himself, and are just and true;  *  *  *  and thereupon the said account book and entries shall be admitted as evidence in the cause."

This statute does not change the rule as to the admissibility of book accounts. It simply makes the interested party a competent witness. The rule is the same as at common law. Taliaferro v. Ives, Admr., 51 Ill. 247; House v. Beak et al., 141 Ill. 290.

" When the party offering his books in evidence is supporting it by his own oath, he may be cross-examined like any other witness, and if, on his examination, he shows that

Weigle v. Brautigam.

the entries were made by himself from the statement of his clerk in regard to the sale, the evidence is insufficient." 1 Phillips Ev., 314.

"The book offered must be on its face regular. Mutilated memoranda can not constitute a book of original entries. The entry must be complete in itself. Sheets of paper, however, on which separate entries have been made, have been received. The entries must be fair and free from suspicious alteration." 1 Wharton on Evidence, Sec. 684.

Mr. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Weigle kept a meat shop in Dixon and Mrs. Brautigam kept a hotel there. She purchased meat at his shop for a series of years. Afterward he sued her in the Circuit Court for a balance claimed to be due upon her account. At the trial before a jury upon issues formed, the court refused to admit in evidence his books of account or any of the entries against defendant therein, and at the close of plaintiff's evidence, directed the jury to find for the defendant. Such a verdict was rendered. A motion for a new trial was interposed by plaintiff and denied, and there was judgment against plaintiff for costs. This appeal is from that judgment.

Plaintiff testified in his own behalf, produced certain account books, testified that they were kept in the conduct of his business, pointed out in said books many items of meat charged to defendant, which were in his handwriting; testified that those entries were made by him at the time the goods were sold and delivered to defendant, and were true, just and correct, and were original entries, and were made in the books which contained every transaction through his meat market. It was proved defendant usually got the meat in person; that when she did not, plaintiff made most of the deliveries himself; that there was another man who delivered for him during a certain period of time; and said man was produced as a witness, and testified that he delivered to defendant all meat put up for her and given him to deliver while he worked for plaintiff. It was stated in evidence that it was possible a boy had made deliveries a few

times, but he could not be produced. This testimony brought all said entries made by plaintiff and so testified to within the provision of section 3 of our statute upon evidence, and said section enacts that entries so proved "shall be admitted as evidence in the cause." The objection to their admission in this case was based upon the fact that said books were in a dilapidated condition. They had originally only paper covers, and the entries were mostly made in pencil. They had become shop-worn, had been used and handled in several law suits, and the outside covers and some outside pages had been lost, and a few interior leaves were gone. The threads binding the leaves together had in some cases become loosened, and plaintiff's daughter testified she had fastened some leaves together with pins in the exact position where they belonged in the book. Plaintiff produced his ledgers posted from said books, so that defendant might have the advantage of all credits, if any there were, upon the lost leaves. There was nothing to indicate there had been any fraud or any purpose to destroy entries, but only the natural results of hard usage upon books which were originally cheaply made. The reason for sustaining the objection seems to have been the possibility that there were credits to defendant upon said missing leaves, of which their loss would deprive her.

We are of opinion that the possible loss of credits to defendant under the circumstances stated was not a sufficient reason for rejecting the entries so testified to by plaintiff; that any objection based upon such possibility of the existence of credits on said leaves was sufficiently overcome by the production of the ledgers for the benefit of the defendant, and that plaintiff was not bound to preserve her credits upon his day book. If any charges against defendant were upon said missing leaves, it is plaintiff, not defendant, who will be the loser. We are of opinion the condition of said books was not a justification for the exclusion of the entries so proved, but only a matter going to their weight and credibility with the jury. In Jones v. De Kay, Pen. (N. J.) 955, the account book offered was of a suspicious

Weigle v. Brautigam.

cast and some leaves had been cut out. It was held it was admissible in evidence, and that the credit due it was for the determination of the jury. If the doctrine here contended for by appellee were sustained, the accidental loss of a single leaf from a book of original entries would absolutely destroy the value of the entire book as evidence, no matter how strongly the remaining parts of the book might be supported by the testimony of those who made the entries and sold and delivered the goods. We can not assent to this proposition.

Plaintiff called various persons who, at different times, had worked for him in his shop, each of whom under oath identified many other items of charges against defendant in said account books, and testified they were in his handwriting; that they were items of original entry and were made by him contemporary with the sale and delivery of the meat, and that they were just, true and correct. This evidence as to the correctness of said items given by the clerks who made the entries, made said items admissible at common law, and our statute only adds to and does not repeal the common law on this subject. House v. Beak et al., 141 Ill. 290. The items so testified to should have been admitted.

Plaintiff offered a pass book which had long been in possession of defendant, and which contained daily entries of meat furnished defendant by plaintiff for one or more years. The first part of it had been copied in from plaintiff's books, and the evidence tended to show had been so copied at defendant's request. The evidence tended to show she never objected to the entries in said pass book, except that at various times, some of which may have been within the period covered by said pass book, she claimed she ought to be furnished a certain class of meat at nine cents per pound instead of ten cents per pound as charged to her. She did not claim plaintiff had contracted to furnish her said meat at nine cents, but only that she ought to have it for that price in view of the price charged by the keeper of another market. It may be there should have been some more explicit proof of the time when, and the manner in which,

plaintiff came into possession of said book for the purposes of the trial, and that it was in the same condition as when he received it from her. But the objection to it was not based upon the lack of preliminary proof of that character. The retention of this book by her without any objection except as to the price charged, tended to establish an admission by her of its correctness as to the fact of the delivery on credit of the quantities of meat therein charged at the dates therein stated, and of the correctness also of the sums charged except those charged at ten cents per pound. Such is the legal effect of an account rendered and retained without objection after the expiration of a reasonable time within which to object to the correctness of the charges. 2 Rice on Evidence, Sec. 326; McCord v. Manson, 17 Ill. App. 118; Moran et al. v. Gordon et al., 33 Ill. App. 46; Mackin v. O'Brien, etc., 33 Ill. App. 474; Peoria G. S. Co. v. Turney et al., 58 Ill. App. 563.

We are of opinion the items so proved and the pass book should have been received in evidence and their value left to the determination of the jury, and for error in refusing to admit the same the judgment is reversed and the cause remanded with directions to award a new trial.

Reversed and remanded.