# FARMERS' CO-OPERATIVE ELEVATOR COMPANY, a Corporation, v. E. S. MEDHUS.

(152 N. W. 352.)

Action to recover for overpayment of wheat.

**Storage tickets — stubs of tickets — both one original instrument — identification — mutilations — evidence.**

1. The storage tickets and stub thereof constitute one original instrument. The scale book ticket and stub likewise constitute one original exhibit. Said tickets and stubs, being properly identified and mutilations explained, were properly received in evidence.

**Tickets — memoranda — testimony — refreshing memory — agent.**

2. The testimony of the agent, after refreshing his memory from the tickets, was properly received under the circumstances of this case.

**Exhibits — testimony — jury — case for.**

3. The exhibits received, together with the testimony offered, were sufficient to require the submission of the case to the jury.

Appeal from the County Court of Benson County, *Liles,* J.
Affirmed.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

Books of account are admissible as evidence of transactions therein recorded, but as a general rule mercantile books can be admitted only as affirmative evidence, and are not competent to establish that no transaction was had, for the reason that no entry was made in the books. In other words, they cannot be used to prove a negative. Boor v. Moschell, 55 Hun, 604, 8 N. Y. Supp. 583; Winner v. Bauman, 28 Wis. 563; Kerns v. McKean, 76 Cal. 87, 18 Pac. 122; Riley v. Boehm, 167 Mass. 183, 45 N. E. 84; Mattocks v. Lyman, 18 Vt. 98, 46 Am. Dec. 138.

*Torger Sinness,* for respondent.

The tickets and the stubs of same were not secondary evidence, but were primary and proper evidence, and sufficient foundation was laid. Kelly v. Cargill Elevator Co. 7 N. D. 343, 75 N. W. 264; Campbell v. Holland, 22 Neb. 587, 35 N. W. 871.

The dilapidated condition of a book is no justification for its exclusion, but is only a matter going to the weight and credibility of the evidence, where there is no fraud. Weigle v. Brautigan, 74 Ill. App. 285; Jones v. Dekay, 3 N. J. L. 956; Lunsford v. Butler, 102 Ala. 403, 15 So. 239.

The fact that an account book contains errors may affect its credibility, but it does not render it inadmissible. Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855; Webster v. San Pedro Lumber Co. 101 Cal. 326, 35 Pac. 871; Robinson v. Dibble, 17 Fla. 457; Bookout v. Shannon, 59 Miss. 378; Peck v. Pierce, 63 Conn. 310, 28 Atl. 524; Smith v. Smith, 52 L.R.A. 574, notes.

Accounts supported by the oath of the person making most of the entries have been held to be admissible. Union Cent. L. Ins. Co. v.

Smith, 119 Mich. 171, 77 N. W. 706; Ward v. Wheeler, 18 Tex. 249; Kelly v. Cargill Elevator Co. 7 N. D. 343, 75 N. W. 264.

The doctrine permitting the use of books of accounts is largely one of necessity. Such books in mercantile affairs are in many instances the only evidence. Hall v. Chambersburg Woolen Co. 52 L.R.A. 712, note; Bank of Monroe v. Culver, 2 Hill, 534; Kerns v. McKean, 76 Cal. 87, 18 Pac. 122.

Books of entry may be used to prove a negative. Ford v. Cunningham, 87 Cal. 209, 25 Pac. 403; Huebener v. Childs, 180 Mass. 483, 62 N. E. 729; Mattocks v. Lyman, 18 Vt. 98, 46 Am. Dec. 138; Union School Furniture Co. v. Mason, 3 S. D. 147, 52 N. W. 671; Livingston v. Tyler, 14 Conn. 493; Peck v. Pierce, 63 Conn. 310, 28 Atl. 524; Lawrence v. Stiles, 16 Ill. App. 489; McLean County Bank v. Mitchell, 88 Ill. 52; Goff v. Stoughton State Bank, 84 Wis. 369, 54 N. W. 732; Doolittle v. Gavagan, 74 Mich. 11, 41 N. W. 846; Ramsey v. Cortland Cattle Co. 6 Mont. 498, 13 Pac. 247; Oliver v. Phelps, 21 N. J. L. 597; People v. Kemp, 76 Mich. 410, 43 N. W. 439; Woods v. Hamilton, 39 Kan. 69, 17 Pac. 335; Woodward v. Chicago, M. & St. P. R. Co. 75 C. C. A. 591, 145 Fed. 577; Union Bank v. Knapp, 3 Pick. 96, 15 Am. Dec. 182.

The objection to the testimony here raised was not presented at the time of trial, and it cannot be raised for the first time on appeal. Ladd v. Sears, 9 Or. 244.

A witness who has made book entries may testify therefrom, even though he has no independent recollection of the facts. Schettler v. Jones, 20 Wis. 412; Curran v. Witter, 68 Wis. 16, 60 Am. Rep. 827; 31 N. W. 706; Riggs v. Weise, 24 Wis. 545.

The agent had the right to produce the stubs from which he figures, for the purpose of showing his mistake. Elsworth Coal Co. v. Quade, 28 Mo. App. 421; Winnett v. Detroit United R. Co. Ann Cas. 1914B, 1259, note.

BURKE, J. In the fall of 1909 defendant delivered at plaintiff's elevator several thousand bushels of wheat, receiving therefor storage tickets. Among other such tickets was one dated November 6, 1909, for 873 bushels, net, known in this case as exhibit 32. Plaintiff contends that clerical error occurred at the time of the execution of this

exhibit, and that in truth and fact said ticket was intended to be and should have been for 473 bushels, net. The action was tried in the court below to a jury, and found in favor of the plaintiff for the full amount demanded. The specifications of error necessary to a decision of this case relate to the introduction of certain books and memoranda of the elevator company, and allowing the agent of the elevator company to testify therefrom that such clerical error had in fact occurred.

(1) One Myhre acted as buyer for plaintiff's elevator at the time of the transactions, and was a witness at the trial. He testifies that it was the invariable custom of his elevator to write down in a scale book the gross and net weights of each load of grain received. This scale book consisted of about two hundred slips of paper fastened together in tablet form and perforated in the middle, so that each end was a duplicate of the other and containing blank lines as follows:

```
Load  of  ........................................
From  .........................................
To ............................................
Weighed  ......................................
Gross  ........................................ Lbs.
Tare  ......................................... Lbs.
Net ........................................... Lbs.
Net ........................................... Bus.
Price ......................................... cts.
Amt.  $  ......................................
Man on—off.                              Test ——
```

He testifies that when a load was received, each half of the slip was filled out, and the stub retained in the pad while the detached end was given to the farmer. He further testifies that those slips were preserved for the purpose of checking and auditing, and that none of the slips delivered were ever destroyed; that occasionally one of the slips would become soiled or otherwise rendered useless, and in those cases the entire slip was torn out of the pad and thrown away. He produced at the trial four of those scale books or pads, and identified them as the originals used in his elevator at or about the time of the transactions in dispute, and identified and offered in evidence all of the

stubs showing receipts of grain from the defendant. He also offered in evidence the storage receipts and stubs used during the same time, as well as the checks used in paying defendant for his grain during that period. Upon the back of exhibit 32 aforesaid, we find the following figures:

$$7750$$
$$4210$$
$$7730$$
$$4180$$
$$4990$$

$$6)\ 28,860\ (481$$
$$8$$

$$473$$

Said agent testified that these figures were made by him, and that they represented the net pounds of five storage loads delivered to him November 3–6, 1909, and produced the stubs from the scale book corresponding therewith. He testified that the storage tickets and the scale book stubs tallied in all particulars excepting that exhibit 32 was for 400 bushels more than was shown by the stubs. Said agent testified that he had no independent recollection of the facts, but that he kept the scale book in the regular course of business, and never issued anything but scale tickets in regular form, and that the same were correct. He also testifies that when he had helpers in the elevator, they conformed in all respects to these rules. All of the scale book stubs and storage tickets issued to defendant were offered and received in evidence over objection, and the agent using the same as memoranda testified as aforesaid. The specific objection to the scale book stubs was that they were mutilated, and that the scale tickets had been issued to the farmer and were the original, the stubs being merely secondary evidence. We do not believe there is anything in these objections. The agent testified that the scale ticket was made in duplicate, one delivered to the farmer and one kept. In such case each would be an original. Kelly v. Cargill Elevator Co. 7 N. D. 343, 75 N. W. 264.

Moreover, the duplicate had been issued to defendant, and was presumably in his possession at the time of the trial. Neither is the objection that the book had been mutilated sound, where it is shown that all of the original entries are kept, and that only blanks and spoiled sheets have been detached.

Campbell v. Holland, 22 Neb. 587, 35 N. W. 871; Weigle v. Brautigam, 74 Ill. App. 285; Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855. See also chap. 118, Sess. Laws 1907, now § 909, Comp. Laws 1913. And in Robinson v. Dibble, 17 Fla. 457, it is held that where there are erasures and interlineations, the trial court determines as a matter of discretion whether or not they shall be submitted to the jury, and this discretion will not be reversed excepting for abuse. Peck v. Pierce, 63 Conn. 310, 28 Atl. 524, being a case especially in point, and there is a note in 52 L.R.A. 575, giving a full synopsis of the cases upon this question.

We are satisfied that the exhibits were admissible and should have been received in evidence.

(2) This objection goes to the testimony of the agent. Said agent admitted he had no independent recollection of each of the tickets that went to make up exhibit 32, but claims that he knew that the entries were made according to the facts, and that, therefore, the tickets were a verity, and that no wheat had been received unless shown upon such scale book. This is admissible. Schettler v. Jones, 20 Wis. 412. Vol. 10 M. A. L. 331. We find no errors in the admission of any testimony of this witness.

(3) The remaining assignments of error relate to the refusal of the trial court to direct a verdict in favor of the defendant upon the theory that no competent evidence had been offered by plaintiff, and, therefore, there was nothing for the jury to consider. We have already held in ¶¶ 1 and 2 that such evidence was properly admitted. It was sufficient to carry the case to the jury, and supports the verdict at this time. The judgment of the trial court is in all things affirmed.

Goss, J. (specially concurring). To my mind this case presents a much closer issue than appears from the facts as written in the main opinion. The issue of fact turns on whether a storage ticket issued for 873 bushels was 400 bushels in excess of wheat received. The

stub therefor, the elevator record, was filled in for 473. · In the absence
of proof of error, the presumption must be that the ticket is correct
and the stub is wrong. Both are in evidence. Over two years elapsed
after the transaction and before the suit was brought, and about that
time elapsed before the purported error was discovered. The buying
agent in charge had for a year and half been out of the employ of
plaintiff. After his leaving plaintiff's employ it was discovered that
his books and accounts were in bad shape. A dividend of 10 per cent
was declared as part of the profits of stockholders in plaintiff company
for 1909, but before its distribution an outstanding and unpaid wheat
ticket for 1,300 bushels, which the elevator records had shown as can-
celed by payment, was presented. There is testimony that, besides this,
he was short some $2,000 in his cash account. All this bears upon the
matter in a double way: First, upon the abuse of the discretion of
the court in admitting in evidence the various stub books and records
of purchases of wheat during October and November, 1909, tending to
establish error in the ticket as issued; and, secondly, as bearing upon
the credence to be given to such records, if admissible, together with
its bearing upon the testimony of the buyer, plaintiff's main wit-
ness. It seems that the discretion exercised in admitting records is
controling unless abused. Had the court ruled the other way and ex-
cluded them upon the foundation laid, including the proof bearing
upon custody of such records, its ruling could not have been disturbed
on appeal. But having admitted them, the question of weight of said
testimony is for the jury.

Defendant claims that the record should not have been received,
because offered as negative testimony; that is, to prove the nonreceipt
of the 400 bushels, the alleged excess. An examination of cases and
text books seems to establish their admissibility. Earlier cases are to
the contrary, but the tendency of later authorities is to admit them for
what they are worth. Elliott, Ev. § 467; 3 Chamberlayne, Ev. § 1757;
2 Enc. Ev. p. 660. But their admissibility does not turn alone upon
that. Upon the back of the wheat ticket in question are found the
figures set out in the majority opinion. There is testimony that these
figures were upon that exhibit when it was delivered to defendant.
The records, if admissible at all, then are receivable as corroboration
of this affirmative testimony of the fact of error, and not alone as

30 N. D.—17.

mere negative testimony of nondelivery of wheat. For these reasons I concur in the affirmance of the judgment.