[Civ. No. 3026.   Second Appellate District, Division Two.—December 4, 1919.]

## LOUISE BALDARACHI et al., Respondents, v. A. LEACH, Appellant.

[1] NEGLIGENCE—COLLISION OF PEDESTRIAN WITH JITNEY BUS—ACTION FOR DAMAGES FOR PERSONAL INJURIES—INTEREST OF JURORS IN ACCIDENT INSURANCE COMPANIES.—In an action for damages sustained by a pedestrian while crossing a city street through having been struck by an automobile, driven as a jitney bus, the plaintiff is entitled to know if any of the prospective jurors are interested as stockholders or otherwise in corporations engaged in accident indemnity insurance.

[2] ID. — IMPROPER SUGGESTION THAT DEFENDANT WAS INSURED—CURING AND WAIVER OF ERROR.—The action of counsel for plaintiffs in calling the prospective juror's attention to the fact that the defendant was insured against liability for such an accident did not constitute reversible error where the court, in calling attention to its prejudicial character, secured a statement from the jurors that they could and would disregard the information, and the defendant consented to proceed to empanel the jury from the talesmen then in attendance.

[3] ID.—DECLARATIONS OF BYSTANDER—SILENCE OF DEFENDANT—EVIDENCE.—The admission in evidence in such an action of the statement of a witness to the accident, made to the defendant at the time and not denied by him, that he "had ought to be strung up by the heels for running into a woman in that fashion," is not error. It is for the jury to say, under proper instructions, whether or not the defendant's silence amounted to an admission of negligence.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Bowen & Bailie for Appellant.

Geo. M. Harker and S. M. Bernard for Respondents.

1. Connection with casualty or indemnity company as disqualification of juror in action against one insured or indemnified by such company, note, L. R. A. 1915A, 193.

SLOANE, J.—The plaintiff in this action, who is respondent on this appeal, is, so her counsel inform us by the opening paragraph of their brief, "a thrifty and industrious woman who hired out at washing and ironing and cleaning house, helping to support an invalid husband." It is not improbable that this circumstance was instrumental in securing her a verdict for damages from being run into by defendant's automobile. A dispassionate reading of the evidence, at any rate, leaves it doubtful if a preponderance of proof of negligence in behalf of plaintiff entitled her to the verdict. All of defendant's witnesses, and two of the witnesses for plaintiff, testify to a state of facts which strongly indicate that the plaintiff, in crossing the street, had safely passed in front of defendant's automobile, driven as a jitney bus, and that the accident resulted from her suddenly and unexpectedly stepping back to avoid another machine.

Defendant's appeal in this case is not, however, presented on the ground of insufficiency of the evidence to support the verdict; and if it were, it could not be maintained on that ground, as there was direct conflict in the testimony, and a sufficient showing of an excessive rate of speed and failure to give warning signals to make the question one solely within the province of the jury. We only call attention to the unconvincing state of the evidence because of its relation to the errors of law presented on the appeal, which assume larger proportions in view of the wavering balance of the facts.

There are only two of appellant's specifications of error that would seem to require serious consideration. One is the alleged prejudicial conduct of plaintiff's counsel in suggesting, on the examination of the jurors, that the defendant was protected by an accident indemnity insurance; and the other, admission in evidence, over defendant's objection and motion to strike from the record, of a declaration to the defendant by a bystander and witness to the accident that defendant "ought to be strung up by the heels for running into a woman in that fashion."

[1] As to the first specification, counsel for plaintiff are doubtless right in claiming that they were entitled to know if any of the prospective jurors were interested as stockholders or otherwise in corporations engaged in that line of

indemnity insurance. [2] But the form of the question, coupled with the statement of counsel which followed it, was very suggestive of a purpose to inform the jurors that the defendant was insured against liability for such an accident. It was at least effective for that purpose. The statement made by counsel was that ''under the law of this state all jitney bus licensed drivers must and are compelled by law to have indemnity insurance.'' The law referred to was an ordinance of the city of Los Angeles, and could only have been properly brought to the knowledge of the jury by its introduction in evidence, and would have been clearly inadmissible if offered. But if there was error in this matter, it was cured, in legal contemplation at least, by the action of the court in calling attention to its prejudicial character, and in securing a statement from the jurors that they could and would disregard the suggested information; and was further waived by defendant consenting to proceed to empanel the jury from the talesmen then in attendance.

[3] The second point is a more serious and difficult one. The witness Newman, who saw the accident, was asked what he said to the defendant. The question was objected to because no foundation laid, and as immaterial. The objection was overruled, and the witness answered: ''I don't know just exactly what I said, but I remember saying: 'You had ought to be strung up by the heels for running into a woman in that fashion.' '' The witness also testified that the defendant made no reply. Defendant's counsel then moved that the question and answer be stricken out as not being part of the *res gestae* and as incompetent, irrelevant, and immaterial. In denying the motion the court said: ''I am not accepting it or admitting it as part of the *res gestae;* I am admitting it in the nature of an admission by the defendant.'' Counsel for the defendant: ''I don't see any admission there.'' The court: ''That is a matter for the jury. Where declarations are made which might be replied to, it is evidence. The weight of it is for the jury.'' The declaration made to the defendant, together with defendant's failure to reply thereto, was allowed to go to the jury on the theory that the silence of defendant was susceptible of being construed as in some degree an admission of negligence or fault on his part in running over the plaintiff. Was it primarily a question for the court to determine, in ruling on this ob-

jection, whether the character of the statement addressed to
the defendant was such that his failure to make response
might reasonably suggest to the jury a realization of negli-
gence on his part; or was it the province of the jury to
decide, in view of all the surrounding circumstances, whether
any significance was to be attached to his silence?

The authorities are seemingly much in conflict on this
point. It has been frequently held that it is not all ques-
tions or declarations to a party relating to an issue in con-
troversy, regarding which his silence may be used as evi-
dence of an admission; and that unless the failure to respond
is such as to raise a natural and reasonable inference that
he admits the truth of the charge, such statments are inad-
missible. (*State* v. *Hamilton*, 55 Mo. 520; *People* v. *Har-
rison*, 261 Ill. 517, [104 N. E. 259]; *Pederson* v. *Nixon*, 284
Ill. 421, [120 N. E. 323]; *Fuller* v. *Dean*, 31 Ala. 654.)

In a number of cases it has been held error to permit evi-
dence to show that a party failed to respond to a question
or declaration imputing guilt or blame, on the ground that
it appeared as a matter of law that the nature of the re-
marks or the circumstances under which they were addressed
to the party did not call for a response. (*Larry* v. *Sher-
bourne*, 2 Allen (Mass.), 34; *Rafter* v. *Chicago City Ry. Co.*,
139 Ill. App. 81; *Lane* v. *Bryant*, 9 Gray 245, [69 Am. Dec.
282]; *Rolfe* v. *Rolfe*, 10 Ga. 143.)

On the other hand, there are many decisions, and, as we
think, constituting the weight of authority and the better
reasoning, which hold that all such declarations or questions
directed to a party which challenge or suggest a response
from one who could truthfully dispute or negative them are
properly admissible in evidence, and it is for the jury to
determine whether, in consideration of all the circumstances,
any significance attaches to a failure to reply. Section 1870,
subdivision 3, of the Code of Civil Procedure, provides that
evidence may be given upon a trial of "an act or declara-
tion of another in the presence and within the observation of
a party, and his conduct in relation thereto." This is a
legislative statement of a generally recognized common-law
rule of evidence. As is said in *Wheat* v. *Croom*, 7 Ala. 349:
"This rule of evidence rests on that universal principle of
human conduct which leads us to repel an unfounded impu-
tation or claim." In *Estate of Snowball*, 157 Cal. 301, [107

Pac. 598], it is said: "The evidence here was admissible as tending to show admissions of the truth of the charges. Whether it did show such admissions was for the jury to determine in view of all the circumstances." The extent of the rule is that it is a question for the jury, in the light of all the circumstances, to say whether the silence of a party amounts to an admission, the weight to be given the evidence depending upon how provocative the situation is to speech and how significant is the silence. (*State* v. *Ellison*, 266 Mo. 604, [Ann. Cas. 1918C, 9, 182 S. W. 996]; *International Harvester Co.* v. *Voboril*, 187 Fed. 973, [110 C. C. A. 311]; *Hagenbaugh* v. *Crabtree*, 33 Ill. 225; *Blanchard* v. *Hodgkins*, 62 Me. 119; *Morrill* v. *Ritchie*, 18 N. H. 295.) In the case last cited the court says: "What is said in a party's hearing may be proved, but it is the province of the jury to put a construction on the party's behavior at such time. They may say he is silent because he is afraid to speak, or because he is struck dumb with amazement, or because he acquiesces in the thing said; . . . or, in short, they may draw such inference as they think ought to be drawn from conduct that in .itself, without the aid of surrounding circumstances to explain it, is extremely equivocal."

In *Vail* v. *Strong*, 10 Vt. 457, it is said: "The mere silence of the party creates no evidence one way or the other. There are indeed cases where the silence of the party creates a presumption or inference against him, but this presumption derives all its force from the circumstances under which the statement is made, and which call for a denial. If the party is under a moral or honorary obligation to disclose, or his reputation or interest is jeopardized by the statement, he has a strong inducement to deny it, if he can do so with truth. His silence under such circumstances affords an inference against him which is more or less strong in proportion to the inducement to make the denial. But even here the evidence thus created rests altogether upon the attendant circumstances. . . . But we know of no obligation upon the party to answer every idle or impertinent inquiry. He has the right to be silent unless there be good occasion for speaking. . . . The true rule we understand to be this: Evidence of this character may be permitted to go to the jury whenever the occasion upon which the declaration is made in the presence of the party and the attendant circumstances call

for serious admission or denial on his part. But the strength of the evidence depends altogether on the force of the circumstances and the motives which may impel him to an explicit denial if the statement be untrue. But if no good reason exists to call for disclosure, and the party declines to' enter into useless discussion or answer idle curiosity, no legitimate inference to his prejudice can be drawn from his silence.''

It is apparent in the case at bar that the declaration testified to did not entitle the party making it to a reply. He was a mere bystander, with no more interest in the affair than any other one of the crowd that doubtless had already assembled. The nature of his statement was truculent and offensive, and did not in terms call for a response. It was a situation where any self-respecting and self-restraining man in the position of defendant, no matter how conscious of innocence, might properly keep silent and where, if a response had been made, it would most likely have been an angry retort. At the same time, the statement to defendant that he ought to be strung up ''for running into a woman in that fashion'' did apprise him that he was being accused of having negligently and recklessly run his car upon the plaintiff. He could have answered by denying fault or responsibility for the accident. Without doubt many men so situated would have repudiated the implication conveyed in the charge. Was it a question properly left to the jury whether, under the circumstances shown here, his failure to make such answer signified a sense of guilt?

It clearly could not be held, as a matter of law, that failure to make a response in this case did indicate a sense of guilt; and that is the point upon which many of the decisions on this line of evidence divide—some of the courts admitting the declarations and failure to reply as presumptive evidence of acquiescence, while others have held the admission of such evidence error, on the ground that it could not be held as a matter of law that such silence was evidence of acquiescence in the facts alleged. The other theory on which the evidence complained of here is sought to be upheld is that the question of the significance to be attached to a failure to reply becomes a mixed question of law and fact, to be submitted to the jury under proper instructions as to how to weigh the circumstances in determining what, if any,

significance is to be given to the silence of the party under the given state of facts. The admissibility of the evidence in question here plainly depends upon the surrounding circumstances and the temperament and disposition of the party addressed, and it is contended that where these conditions rest upon various collateral and attending facts, it is for the jury to determine what would be the natural and usual conduct of an ordinary man under these given conditions.

It is probably true, under the circumstances of this particular case, that a man of an outspoken, combative temperament would have been likely to have repudiated the insinuation of culpable negligence contained in the declaration of the witness, if he could do so truthfully; while one of a reserved and timid disposition would be likely to remain silent, even in the face of an unjust imputation. The jurors had the party before them, and opportunity to form an estimate of his disposition in this regard; and it was within their province to determine what, if any, significance attached to his silence.

It may be apparent in this case that the nature of the declaration and surrounding circumstances make it so clear that no fair inference of an admission of negligence could be inferred from defendant's failure to reply, that it is extremely improbable that the jury attached any significance to his silence, and yet the matter be one that was properly left to the jury's determination. In fact, the prejudicial part of the admitted evidence, if its admission was error, is in the declaration itself. It was of such a character as to indicate an excited state of mind and a highly unfavorable opinion of the manner in which the defendant had handled his car, and was calculated to impress the jury with a conviction that the defendant must have been driving with great recklessness and want of care to arouse such a state of mind on the part of a. disinterested witness. It is beyond dispute that if this declaration—that defendant ought to be strung up for running into a woman in that fashion—had been made out of the presence and hearing of the defendant, its introduction in evidence would be prejudicial error. It is equally so if, having been made in his presence, it must be held as a matter of law that no unfavorable inference could be drawn from his silence. It is true that in this case the person who made the declaration testi-

44 Cal. App.—39

fied on the trial as to all the facts that came under his observation relating to the accident, and the jury was placed in a position to decide for themselves whether what he claimed to have seen justified his heated conclusions. But the very fact of the excitement and resentment displayed, as a result of what he saw, in this indictment of the defendant, might have convinced the jury of the truthfulness of this witness' narrative of the accident. If the declaration was improperly admitted, it would constitute prejudicial error. But if it was properly before the jury for the purpose of showing acquiescence by silence, the fact that it was not competent as proof of any fact implied in the declaration itself would not exclude it. The law provides what may be an inadequate, yet a legal protection against the prejudicial results of such testimony. The defendant was entitled to an instruction of the court limiting the evidence to the one purpose for which it was admissible. The trial judge did, in this instance, rather inadequately, perhaps, indicate in his ruling on the motion to strike out this testimony that it was only received as tending to show acquiescence on the part of the defendant. But it was incumbent upon defendant, if he wanted a more definite and explicit statement of the law, to ask for it. (*People* v. *Mallon,* 103 Cal. 513, [37 Pac. 512]; *Byrne* v. *Byrne,* 113 Cal. 294, [45 Pac. 536].) No such request was made in this case, either as to the limited application of this evidence, or as to the conditions under which silence should be construed to imply acquiescence in the statement made, and defendant is, therefore, not in a position to complain at the omission of such further instruction.

While it may seem clear to us that the significance of defendant's silence in the face of this declaration was practically negligible as evidence of an admission, we are not prepared to say that the court was not right in holding it to be a matter for the jury to pass upon, in view of the fact that it in effect charged defendant with negligence, and would, at least, be suggestive and provocative of an answer denying fault, if the person arraigned felt that he was not to blame. It was necessary to weigh the attending circumstances in order to determine what would be the usual and natural course for one to pursue when confronted with such a statement. In view of the extreme uncertainty and con-

fusion of the law on this point, as shown in numerous court rulings, we are led to leave the action of the trial court undisturbed.

On the issue of contributory negligence, we are satisfied that the jury was justified in finding for the plaintiff. The manner in which plaintiff entered upon the street crossing and attempted to make her way through the traffic of teams and automobiles and street-cars was one of the constantly recurring problems of negotiating crowded and traffic congested streets; and her prudence and care in the matter were for the jury to determine in the light of the facts of this particular case.

We have carefully considered the instructions given and refused, and find no prejudicial error. There were one or two of defendant's refused instructions that might have been properly given, but the points, so far as material, were covered by other instructions which were given.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.