[Civ. No. 11399. Second Appellate District, Division Two.—May 11, 1937.]

WILLIAM LAWRENCE KOHLHAUER, Respondent, v. BEN BRONSTEIN, Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellant.

George P. Kinkle and Gretchen Wellman for Respondent.

CRAIL, P. J.—This case comes before us on a motion to dismiss or to affirm the judgment. The appeal is by the defendant from a judgment in an automobile collision case. The plaintiff was traveling along the highway parallel to a street car and at the same rate of speed, but near the curb of the street. Just as the street car was crossing an intersection the defendant "shot" his automobile across and in front of the street car and into a collision with the plaintiff's motorcycle.

The court gave an instruction to the jury on the doctrine of sudden peril, and the first contention of the defendant is that the giving of this instruction was prejudicial error for the reason that "there was no evidence tending to show that the plaintiff was in a position of sudden peril" and that "plaintiff at no time saw the automobile of the defendant. This fact is conclusively established by his own testimony . . . " As frequently happens where one has received a severe personal injury from an accident, the plaintiff suffered a loss of memory as to all matters connected with

the accident. The record shows that the plaintiff did not testify he did not see defendant's automobile at any time before he ran into it, but merely that he did not *recall* seeing it. On the other hand, the very circumstances of the accident as related both by the plaintiff's and the defendant's witnesses furnish the basis for a reasonable inference that the plaintiff suddenly became aware of the proximity of the defendant's automobile and of the peril arising therefrom. The defendant himself testified that he did not see the motorcycle before the accident, his attention being attracted when he heard the tires of the motorcycle skidding, at which time he first observed the motorcycle right opposite his automobile. There is other evidence to indicate that the skidding was for a considerable distance before the collision. Under this view of the evidence, an instruction on the doctrine of sudden peril was a proper one. (*Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743]; *Wiley* v. *Young,* 178 Cal. 681 [174 Pac. 316].)

During the course of the trial the following occurred: "Q. By Mr. Kinkle: I will ask you if . . . you stated to Mr. Bronstein, 'Why were you driving on the wrong side of the street shooting past that street car in a reckless manner?' And if you did not reply in substance and effect, 'I hurt or broke my hand.' And if you did not state to that, 'The way you were driving you should have broken your neck.' Is that the substance of it? A. That is the substance of it, practically the same. Mr. Sterry: If the court please, move that be stricken as wholly incompetent and immaterial. The Witness: His hand was swollen. Mr. Kinkle: Submit it as directly to the point. The Court: Deny the motion." It is the defendant's final contention that this ruling was prejudicial error.

It will first be observed that timely objection was not made prior to the witness' answer. (*In re De Laveaga Estate,* 165 Cal. 607 [133 Pac. 307].)

In the second place the significance of defendant's evasion and then silence in the face of such an accusation of negligent driving was a proper circumstance in evidence for the consideration of the jury in determining whether this was or was not an admission by defendant of his negligence. (Code Civ. Proc., sec. 1870, subd. 3.) It was for the jury to weigh the surrounding circumstances in order to determine what would be the usual and natural course for one to pursue

when confronted with such a charge. (*Baldarachi* v. *Leach*, 44 Cal. App. 603 [186 Pac. 1060].)

Judgment affirmed.

Wood, J., and McComb, J., concurred.